THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ARROW LEGAL SOLUTIONS GROUP, PC, LOREN M. LAMBERT, individually and on behalf of all Worker's Compensation Claimants, CECILIA SALAZAR, AURELIO OXANDABERAT, SAGRARIO DIAZ, MONICA P. MOLINA, LUIS G. GAMEZ, DAN HERNANDEZ, WORKER JOSES, JOES AND JUANITAS 1-1000, HISPANIC WORKERS WITH INDUSTRIAL CLAIMS BEFORE THE LABOR COMMISSIONS, SUSAN WATSON, STEVEN BURT, <br>       Plaintiffs, <br><br> v. <br><br> JACESON R MAUGHAN (Commissioner of the LC), CHRISTOPHER C HILL (Deputy Commissioner and General Counsel of the LC), CHIEF ADMINISTRATIVE LAW JUDGE OF THE LC AURORA HOLLEY, UNIVERSITY OF UTAH (U of U), THE ROCKY MOUNTAINS CENTER OF OCCUPATIONAL AND ENVIRONMENTAL HEALTH (RMCOEH), THE LABOR COMMISSION OF UTAH (LC), TODD SAMUELSON (Chief Administrative Officer and Appeals Officer for the U of U), BRIAN CHRISTIANSEN (Administrative Officer for the U of U), JEREMY BIGGS MD MSPH (RMCOEH Chief Division Medical Director, LC Medical Director), MELISSA CHENG MD MOH (RMCOEH Associate Prof.), KURK T. HEGMANN MD MPH (RMCOEH Center Director), PAT DOES 1-10, <br>       Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO BIFURCATE** <br><br> Case No. 2:23-cv-00868 <br><br> District Judge David Barlow |

Before the court is the parties' stipulated Amended Motion to Bifurcate.[1] In the motion, the parties move the court to 1) bifurcate the state law claims from the federal claim and address the state law claims first or 2) sever the state law claims from the federal claim and remand the state law claims to state court.[2] For the reasons below, the court grants the motion.

## BACKGROUND

Plaintiffs' Amended Complaint contains three causes of action.[3] The first two causes of action arise under Utah's Government Records Access and Management Act ("GRAMA"), the state law governing public access to state government records.[4] The third cause of action alleges defendants violated plaintiffs' civil rights under 28 U.S.C. 1983.[5] Plaintiffs filed suit in Utah state court, and defendants removed the case to federal court.[6]

Not long after removing the case, the parties filed a stipulated Motion to Bifurcate the Case.[7] In the Motion to Bifurcate, the parties asked the court to "bifurcate [the] case to address the [GRAMA] claims with the State District Court of Utah first, and then separately therefrom, to address the remaining civil rights claim with this Court."[8] The parties asked the court to "hold in abeyance" the federal proceedings, pending the resolution of the state court claims.[9]

---

[1] Am. Mot. to Bifurcate, ECF No. 24, filed Mar. 6, 2024.

[2] *Id.* at 4.

[3] Am. Compl., ECF No. 2-3, filed Nov. 30, 2023.

[4] *Id*. at 35–36.

[5] *Id.* at 36.

[6] Notice of Removal, ECF No. 2.

[7] Mot. to Bifurcate, ECF No. 21, filed Jan. 25, 2024.

[8] *Id.* at 2.

[9] *Id.*

In addressing the parties' original Motion to Bifurcate, the court explained that it "underst[ood] the substance of [the] motion to be asking the court to sever the state claims, remand the state claims to state court, and stay the federal case pending resolution of the state claims."[10] The court denied the motion without prejudice because the parties did not "cite authority indicating that a motion to bifurcate [could] accomplish these ends."[11]

The parties then filed the instant Amended Motion to Bifurcate.[12]

## STANDARD

"There is a difference between 'bifurcating' the claims in a case and 'severing' them."[13] Bifurcation "divides the claims for a limited period of time . . . but treats them as part of the same case for purposes of final resolution."[14] In other words, "[b]ifurcation does not produce two separate cases."[15] The court may bifurcate a case and order separate trials under Federal Rule of Civil Procedure 42 "[f]or convenience, to avoid prejudice, or to expedite and economize."[16]

Severance, on the other hand, results in two separate actions.[17] Federal Rule of Civil Procedure 21 allows courts to "sever any claim against a party."[18] "When considering whether to sever claims, the question to be answered is whether severance 'will serve the ends of justice and

---

[10] Docket Text Order, ECF No. 23.

[11] *Id.*

[12] Am. Mot. to Bifurcate.

[13] *Dennis v. Progressive N. Ins. Co.*, No. CIV-14-1375, 2015 WL 1356922, at * 1 (W.D. Okla. Mar. 24, 2015).

[14] *Id.*

[15] *Id.*

[16] Fed. R. Civ. P. 42(b).

[17] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991).

[18] Fed. R. Civ. P. 21.

further the prompt and efficient disposition of litigation.'"[19] "The factors to be considered are:

the potential prejudice to the parties, the potential confusion to the jury, and the relative

convenience and economy."[20]

District courts have broad discretion in deciding whether to sever or bifurcate issues.[21]

## DISCUSSION

The parties ask the court to either 1) "bifurcate[] the causes of action by permitting

discovery and resolution of Plaintiffs' GRAMA request prior to the parties commencing

discovery on Plaintiffs' civil rights cause of action," or 2) sever the civil rights claim from the

state law claims and remand the state law claims to state court.[22] Under both courses of action,

the state law claims would be addressed separately from the federal law claim.

The parties argue that addressing the state and federal law claims separately is

appropriate because the "GRAMA causes of action involve distinct legal and factual issues," the

claims require different witnesses, and state courts have an interest in resolving questions of state

law.[23] The parties argue that it would be more efficient to sever or bifurcate the case because

"resolution of the GRAMA issues may lead to the closure of all issues in this case," or at the

very least, streamline the remaining issues.[24]

---

[19] *Lifetime Products, Inc. v. Russell Brands, LLC*, No. 1:12-cv-00026, 2016 WL 5482226, at * 3 (D. Utah Sept. 29, 2016) (quoting *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995)).

[20] *Id.* (citing *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556CVEPJC, 2009 WL 236019, at *2 (N.D. Okla. Jan. 29, 2009)).

[21] *Easton v. City of Boulder, Colo.*, 776 F.2d 1441 (10th Cir. 1985); *Mandeville v. Quinstar Corp.*, 109 Fed.Appx. 191, 194 (10th Cir. 2004).

[22] Am. Mot. to Bifurcate at 4.

[23] Am. Mot. to Bifurcate at 3–4.

[24] Am. Mot. to Bifurcate at 4.

The court agrees that it is more efficient and convenient for the parties to address the state law claims before turning to the federal law claim. There is minimal overlap between the legal and factual issues presented in the state and federal claims. And the resolution of the state law claims could resolve plaintiffs' federal claim. Addressing the state and federal claims separately would not prejudice any party.

Of the parties' two proposed paths, severance under Rule 21 is appropriate given the state courts' interest in resolving issues of state law.

**ORDER**

IT IS HEREBY ORDERED that the Amended Motion to Bifurcate is GRANTED.[25] The court severs the first and second causes of action in the Amended Complaint from the third cause of action. The court REMANDS the first and second causes of action to state court but retains jurisdiction over the third cause of action. The court STAYS this case and orders the parties to file a notice with this court 30 days after the state court action is resolved.

Signed March 12, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[25] ECF No. 24.